THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE GERMAN-AMERICAN BANK, Appellant, v. LAWSON PURDY et al., Constituting the Board of Taxes and Assessments of the City of New York, Respondents.

*People ex rel. German-American Bank* v. *Purdy*, 154 App. Div. 529, affirmed.

(Argued March 3, 1913; decided March 11, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 3, 1913, which reversed an order of Special Term sustaining a writ of certiorari to review proceedings of the board of taxes and assessments of the city of New York in assessing stock of the relator for the years 1901 to 1907 for purposes of taxation.

*Lewis G. Wallace* and *P. Chauncey Anderson* for appellant.

*Archibald R. Watson, Corporation Counsel (William H. King* of counsel), for respondents.

*Per Curiam.* The relator sued out a writ of certiorari to review the assessments of the shares of stock of the relator for the years 1901 to 1907 inclusive on the claim that such assessments were void for the failure by the board of assessors to give notice of the assessments and of a time and place for hearing the objections thereto. The writ was not applied for till November, 1910. The Appellate Division, reversing the Special Term, dismissed the writ for laches. We think the action was eminently proper. The relator acquiesced in the method of assessment and paid the taxes based thereon without complaint

till the decision made by this court in another case gave an opportunity for assailing the tax. Had complaint been promptly made the proper method of procedure by the board of assessors would have been determined and a change in the existing method been made to accord with our decision. To allow the relator after this long delay to now recover back the money it has paid would be prejudicial to the city of New York, for the ordinary expenses of a municipality are necessarily predicated upon its receipts from taxation. Moreover, one-half of the claims of the relator, if they were the subject of ordinary action, would have been barred by the Statute of Limitations.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, CHASE, COLLIN and HOGAN, JJ., concur.

Order affirmed, with costs.